UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LOWELL KENTZ, | CV F 04-6316 REC WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE RESPONDENT'S MOTION TO DISMISS |
| v. | [Doc. 11] |
| RAYMOND ANDREWS, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the court is Respondent's motion to dismiss the petition.

**PROCEDURAL HISTORY**

On July 16, 1999, Petitioner was convicted of twenty-one counts of mail fraud in the United States District Court for the Central District of California. On March 20, 2000, Petitioner was sentenced to serve a term of 150 months on the mail fraud counts, a ten month consecutive sentence enhancement pursuant to Section 3147, and three years of supervised release. Petitioner filed a direct appeal, raising only sentencing issues. The Court of Appeal for the Ninth Circuit ("Ninth Circuit") affirmed the sentence on June 1, 2001.

On June 13, 2001, Petitioner filed a motion attacking his sentence pursuant to 28 U.S.C. Section 2255 in the Central District. The court denied Petitioner's motion on August 8, 2002. Eight days later, Petitioner filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). The district court denied the motion because the arguments Petitioner made were essentially the same arguments the court had already rejected in his Section 2255 motion. Both the district court and the Ninth Circuit denied Petitioner's request for a certificate of appealability.

On September 24, 2004, Petitioner filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241. Respondent has moved to dismiss the motion. Petitioner opposes the motion to dismiss and filed a traverse on September 9, 2005, and an amended reply on October 26, 2005.

**LEGAL STANDARD**

As a federal prisoner seeking to challenge his sentence, Petitioner would generally pursue a motion to vacate, set aside or correct his sentence under 28 U.S.C. Section 2255, which provides in part as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

As set forth above, however, Petitioner has already filed one motion pursuant to Section 2255. The statute provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In the present case, Petitioner is attempting to avoid this rule, by now filing a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241.  A federal prisoner authorized to seek relief under Section 2255 may seek relief under Section 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) In order to proceed under Section 2241, a petitioner must show actual innocence of the crime of which he was convicted *and* at he never had an "unobstructed procedural shot" at presenting his present claim.  Id. at 1060.  Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions does not render § 2255 inadequate or ineffective).   The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

   In the present case, Petitioner argues that evidence exists demonstrating his factual innocence of the fraud charges and that he never had an unobstructed procedural shot at presenting this evidence to the court.  Specifically, Petitioner claims that exculpatory evidence exists in the form of transaction invoices from "The Premium Connection," that the bulk of this evidence was not procured prior to trial by trial counsel, and was only procured by Petitioner more than four months after trial.  Petitioner argues that he was therefore obstructed from presenting this exculpatory evidence at the close of trial in a Rule 29 motion and from presenting it on direct appeal.   Petitioner further argues that the bulk of this evidence was not presented in the initial memorandum of points and authorities in support of his Section 2255 motion, but was submitted in an ancillary motion for summary judgment within that proceeding.    Petitioner claims that he obtained this evidence

through a motion to compel his trial attorney to turn over his complete file, which motion was not filed until 2 months after his Section 2255 motion was filed. He argues, therefore, that he could not have included his arguments regarding this evidence in his original Section 2255 petition.

Finally, Petitioner claims that the court rendered its decision on his Section 2255 motion without reviewing the exculpatory evidence submitted with his motion for summary judgment. Petitioner bases this claim on the alleged fact that the court did not separately issue a ruling on Petitioner's motion for summary judgment, as demonstrated by the lack of such a ruling on the docket sheet for the case.

This court finds that a thorough review of the records of Petitioner's Section 2255 proceeding in the Central District reveals that Petitioner raised claims regarding the invoices from The Premium Connection through a claim of ineffective assistance of counsel. That is, Petitioner claimed that defense counsel failed to obtain invoices from the Premium Connection and that defense counsel had misled him regarding this fact. Petitioner claimed that these invoices demonstrated a lack on his part of specific intent to commit fraud. These claims, which are clearly related to Petitioner's present claims, were raised in Petitioner's Brief in Support of Grounds Presented in Motion to Vacate, Set Aside or Correct Sentence, beginning at 12.

Petitioner's claim of ineffective assistance of counsel was addressed by the court in its order denying Petitioner's Section 2255 motion and rejected. The court found that Petitioner had failed to establish either prong of the Strickland standard regarding defense counsel's failure to use the invoices at trial. Order Re: Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 entered August 6, 2002, in CV 01-5265, 14 - 18. The court found that Petitioner had failed to overcome the presumption of reasonableness accorded to tactical decisions by defense counsel  Id. at 16 -18. The court found in part as follows:

> Although Petitioner claims that counsel "failed to investigate the available materials in preparation for trial," see Motion at 5, the records and files of the case reveal little support for such a claim. In a declaration submitted with the Government's opposition, Mr. Callahan states that, while he did not obtain all of the invoices related to Petitioner's purchases, he investigated the matter sufficiently to determine that Petitioner had spent approximately $17,500 on gifts and substantially smaller amounts on magazines (consistent with Petitioner's claims in this Motion). [footnote omitted] See Callahan Decl. ¶ 2. Mr. Callahan further states that he made the strategic decision not to use the invoices at trial because he felt they were too insignificant, when compared with the total amount of money taken in by Petitioner, to support a plausible argument that Petitioner was running a legitimate company, and instead would bolster the Government's theory that Petitioner purchased subscriptions for a small number of victims, and then only for those who complained, in order to delay the scheme's detection by law enforcement. See id. Callahan states that he decided instead to pursue the strategy of portraying Petitioner as a naive employee, to minimize his role in the company, and to argue that the company was not actually guaranteeing anything to the victims over the telephone. Id. ¶ 4. This strategy would have been thoroughly undermined by the presentation of the invoices.

Id. at 16 -17.

The court further found that the substantial evidence of wrongdoing produced by the Government precluded Petitioner from showing that, absent this tactical decision by defense counsel, Petitioner would have been acquitted. Id. at 17-18.

Based on the foregoing, the court is unconvinced by Petitioner's claim that he did not have an unobstructed procedural shot at presenting his evidence regarding the Premium Connection invoices to the court. First, as explained above, Petitioner presented an ineffective assistance of counsel claim directly related to the evidence of the Premium Connection Invoices. Secondly, and more importantly, as Petitioner states, he did present this argument within his Section 2255 proceeding, in his motion for summary judgment. Petitioner merely speculates that because the court did not separately rule on that motion, it did not consider the arguments presented in the motion or exhibits attached thereto. Such speculation is insufficient to support a finding that the court did not consider everything before it.

It is essentially unnecessary for the court to reach this issue, however, because the court

expressly finds that Petitioner has not carried his burden of demonstrating factual innocence of the crimes for which he was convicted. As set forth above, the Central District found, relying in part on the Callahan Declaration, that the substantial evidence of wrongdoing produced by the Government precluded Petitioner from showing that had defense counsel presented evidence regarding the Premium Connection invoices he reviewed, Petitioner would have been acquitted. The court finds that Petitioner's argument, although based on a larger number of invoices, does not overcome this finding by the Central District. Petitioner merely presents an argument that upon review of additional invoices, a factfinder might conclude that Petitioner is not guilty. This is not the showing of actual innocence necessary to proceed under Section 2241 in this case.

Petitioner separately contends that he is entitled to relief under Apprendi v. New Jersey, 506 U.S. 466, 488-490 (2000), and Blakely v. Washington, 124 S.Ct. 2531 (2004) . In Apprendi, the court held that "any fact [other than a the fact of a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 488-90. In Blakely, the Supreme Court reaffirmed the Apprendi rule.

Even assuming Apprendi is applicable to Petitioner's case, it is insufficient to demonstrate that Petitioner is "actually innocent" of the crime for which he was convicted. Petitioner's reliance on Apprendi demonstrates only that he challenges a legal insufficiency in his conviction. Moreover, the Ninth Circuit held in United States v. Sanchez-Cervantes, 282 F.3d 664, 667 (9th Cir. 2002), that Apprendi does not apply retroactively to cases on collateral review. Thus, even were Apprendi applicable to Petitioner's criminal case, he is precluded from invoking Apprendi on collateral review such as a the present matter. Accordingly, this claim provides no basis for habeas corpus relief.

Based on the foregoing, the court HEREBY RECOMMENDS that Respondent's motion to

dismiss be GRANTED and that this action be DISMISSED for lack of subject matter jurisdiction.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within **TEN (10)** days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 1, 2006**                    **/s/  William M. Wunderlich**
bl0dc4                                                         UNITED STATES MAGISTRATE JUDGE